**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT L. GARY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-1844 |
| | : | |
| PENNSYLVANIA HUMAN RELATIONS | : | |
| COMMISSION, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                               **March 20, 2012**

Pro se plaintiff Robert L. Gary brings claims against the United States Equal Employment Opportunity Commission (EEOC) and EEOC District Director, Marie M. Tomasso, for inadequate investigation and improper handling of his claim for wrongful termination against his former employer in violation of his Fifth, Thirteenth, and Fourteenth Amendment rights. Gary seeks injunctive and other equitable relief pursuant to the civil rights statutes, codified at 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).[1]

Defendants ask this Court to dismiss with prejudice the claims asserted against them pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6), for lack of subject matter jurisdiction, improper service of process, and failure to state a claim upon which relief can be granted,

---

[1] Gary brought the same claims against the Pennsylvania Human Relations Commission (PHRC) and PHRC employees Kaaba Brunson, Yvonne Aguayo, and Charlene Natcher (the Commonwealth Defendants), including state law claims for willful conduct, abuse of process, and failure to protect. On November 5, 2010, the Commonwealth Defendants moved to dismiss Gary's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 9, 2010, the Honorable James Knoll Gardner granted the Commonwealth Defendants' motion as uncontested, dismissing all claims against them with prejudice, and leaving the EEOC and District Director Tomasso as the only remaining defendants in this action. *See* December 9, 2010, Order, ECF No. 11. Since that time, this action was transferred to the Honorable Juan R. Sánchez to conduct all further proceedings.

respectively. For the reasons that follow, Defendants' motion will be granted in its entirety.[2]

**FACTS**[3]

This case arises from a denial of unemployment benefits for which Gary applied after being discharged from his employment at a Holiday Inn on March 14, 2009. Gary alleges his employer did not report his earnings "for the third quarter of 2008," causing a delay in benefits and "mental anguish," "a form of discrimination." Am. Compl. ¶¶ 16-17, 23-24. On July 20, 2009, Gary filed an administrative charge of employment discrimination with the PHRC. *Id.* ¶ 28. On August 27, 2009, Gary received a letter signed by EEOC District Director Tomasso informing him his charge of unemployment discrimination had been sent to the EEOC. *Id.* ¶ 50. Gary had several contacts with the PHRC concerning the processing of his complaint through at least November 25, 2009. On June 16, 2010, Gary filed the instant pro se lawsuit against the PHRC and three of its employees. Gary filed an Amended Complaint that same day to add the EEOC and District Director Tomasso as defendants.

In his Amended Complaint, Gary alleges the PHRC delayed and/or did not properly process and investigate his unemployment discrimination charge. Gary further alleges that since the PHRC did not grant his relief, the EEOC should have "t[aken] the lead." *Id.* ¶ 51.

---

[2] Because Defendants' motion will be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), this Court need not address Rule 12(b)(5).

[3] For purposes of this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), this Court accepts as true all facts alleged in the Amended Complaint and all reasonable inferences that can be drawn from them, and views them in the light most favorable to the plaintiff. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1164-65, 1167 (3d Cir. 1987) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)).

**DISCUSSION**[4]

A party may seek dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Knauss v. U.S. Dep't of Justice*, No. 10-2636, 2012 WL 176685, at *1 (E.D. Pa. Jan. 20, 2012). Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). This requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id*. at 94-95 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court must only consider the allegations of the complaint and documents referenced therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *Williams v. U.S. Dep't of Veterans Affairs*, No. 11-3719, 2011 WL 4352370, at *3 (D.N.J. Sept. 16, 2011). By contrast, when the existence of subject matter jurisdiction is challenged in fact, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Gould Elecs., Inc.*, 220 F.3d at 176; *Machon v. Pa. Dep't of Pub. Welfare*, No. 11-4151, 2012 WL 592323, at *4 (E.D. Pa. Feb. 23, 2012) (explaining where answer has not yet been filed, motion is necessarily facial attack). As the party asserting subject matter jurisdiction, the plaintiff has the burden of proving such jurisdiction exists. *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 191

---

[4] Because Gary appears pro se, the Court will construe his allegations liberally and apply the applicable law irrespective of whether he has cited it by name. *Higgins v. Beyer*, 293 F. 683, 688 (3d Cir. 2002).

n.4 (3d Cir. 2011); *Li v. Renewable Energy Solutions, Inc.*, No. 11-3589, 2012 WL 589567, at *3 (D.N.J. Feb. 22, 2012).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation marks and citation omitted). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. The court then determines whether a plaintiff has "nudge[d] [his or her] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Here, Gary has asserted claims against the EEOC and EEOC District Director Tomasso in both her official and individual capacities. The EEOC is a federal agency charged with enforcing, *inter alia*, Title VII, the Congressional policy against discriminatory employment practices. *E.E.O.C. v. E. I. DuPont de Nemours & Co.*, 516 F.2d 1297, 1299 (3d Cir. 1975); Defs.' Mot. to Dismiss 3, ECF No. 38. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (rejecting cause of action against federal agency) (internal citations omitted). Without its consent, neither the Federal Government nor its agencies can be sued for money damages or equitable relief under the civil rights statutes, and this Court cannot hear those claims. *Id.*; *United States v. Mitchell*, 463 U.S.

206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011) (same); *Persik v. Tucci Learning Solutions, Inc.*, No. 06-7431, 2007 WL 2298039, at *3 (N.D. Cal. Aug. 8, 2007) (dismissing cause of action against federal agency regardless whether relief sought is money damages or injunctive relief).  The Federal Government has retained its sovereign immunity against suits alleging constitutional violations or civil rights violations.  *Meyer*, 510 U.S. at 473 (barring cause of action against federal agency for violation of Constitution); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (recognizing long-established principle that "suits against the United States brought under the civil rights statutes [42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988] are barred by sovereign immunity"); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (finding United States has not waived sovereign immunity for suits alleging violations of 42 U.S.C. §§ 1981 or 1982).  Likewise, federal officials cannot be sued in their official capacities "because a suit against a federal official in his official capacity is, in fact, a suit against the United States."  *Goodson v. Maggi*, No. 08-44, 2010 WL 1006901, at *5 (W.D. Pa. Feb. 22, 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)).  Thus, the sovereign immunity that applies to the EEOC and shields it from suit also extends to District Director Tomasso in her official capacity.

Moreover, a cause of action against the EEOC does not exist for challenges to its processing of a claim, *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (recognizing "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge"), and courts have repeatedly held that the United States has not waived its immunity for suits against the

EEOC for such claims. *See, e.g.*, *id.*; *Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010) (affirming dismissal of claim asserted against EEOC based on manner in which EEOC processed administrative charge); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 4 (2d Cir. 1997) (same); *Ward v. E.E.O.C.*, 719 F.2d 311, 312-14 (9th Cir. 1983) (same); *McKoy v. Potter*, No. 08-9428, 2009 WL 1110692, at *5 (S.D.N.Y. Apr. 21, 2009) (same); *Persik*, 2007 WL 2298039, at *3 (same).[5] Accordingly, Gary's claims against the EEOC and District Director Tomasso in her official capacity alleging constitutional violations and civil rights violations are dismissed because this Court lacks subject matter jurisdiction. In addition, given that there is no cause of action against the EEOC for the manner in which it processed Gary's claim, Gary's Amended Complaint is dismissed for the additional reason that it fails to state a claim upon which relief can be granted.

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), constitutes a limited waiver of the federal government's sovereign immunity, *Meyer*, 510 U.S. at 475-76; *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and is the "exclusive remedy for tortious conduct by the United States," *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989). As such, a plaintiff bringing a claim under the FTCA may sue only the United States, and may seek only monetary damages. 28 U.S.C. § 1346(b)(1) (providing jurisdiction for "civil actions

---

[5] "To remedy a complainant's dissatisfaction with EEOC inaction, Congress amended Title VII in 1972 to 'allow the person aggrieved to pursue his or her own remedy . . . where there is EEOC inaction, dalliance, or dismissal of the charge, or unsatisfactory resolution,'" *Ward*, 719 F.2d at 313; the "remedy, however, does not rest in a suit against the EEOC based on mere dissatisfaction with the agency's response to his complaints," *Ponton*, 395 F. App'x at 872 (explaining the remedy for workplace discrimination is to file lawsuit against employer under Title VII).

on claims against the United States, for money damages"); *CNA v. United States,* 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. 2011) (holding the FTCA does not provide for equitable relief). Moreover, federal constitutional violations are not cognizable under the FTCA. *See Meyer,* 510 U.S. at 477-78.

Here, Gary seems to have brought claims under the FTCA against the EEOC, a federal agency. However, "agencies of the government, such as the EEOC, cannot be named as parties in FTCA suits"; therefore, the EEOC is not subject to the FTCA. *D'Alessandro v. E.E.O.C.*, 215 F. Supp. 2d 419, 422 (D. Del. 2002) (citing *Meyer*, 510 U.S. at 476, and *Craft*, 157 F.3d at 706 (stating FTCA "only allows claims against the United States," and explaining "[a]lthough [FTCA] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA" (internal citations omitted))). In addition, Gary seeks only equitable relief, yet the FTCA does not authorize such relief. 28 U.S.C. § 1346(b)(1); *Robinson,* 631 F.3d at 841. Finally, Gary's claims alleging constitutional violations are not cognizable under the FTCA. *Meyer*, 510 U.S. at 476-78. Accordingly, to the extent Gary asserts claims pursuant to the FTCA, those claims are dismissed for lack of subject matter jurisdiction.[6]

Gary also brings claims against District Director Tomasso in her individual capacity. A plaintiff may bring a civil rights claim against a federal employee in her individual capacity when

---

[6] Gary's claims under the FTCA are dismissed for the additional reason that Gary failed to first exhaust all administrative remedies available to him. 28 U.S.C. § 2675(a); *see Livera*, 879 F.2d at 1194 (explaining requirement to first file administrative tort claim with agency is jurisdictional and cannot be waived); *see also Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995). Here, the EEOC attests it has no record of Gary filing any administrative tort claim against it or any of its employees, Defs.' Mot. to Dismiss Ex. A, ECF No. 38, and the Amended Complaint does not contain any allegations that Gary exhausted administrative remedies for any such tort claim.

that employee's actions on behalf of the Federal Government violated the plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (establishing cause of action only against government officials in their individual capacities). To prevail on such a claim, "a plaintiff must show that he has been deprived of a right secured by the Constitution, and that the defendant[] deprived him of that right under color of federal law." *Abulkhair v. Bush*, No. 08-5410, 2010 WL 2521760, at *7 (D.N.J. June 14, 2010) (citations omitted).

As an initial matter, the allegations in Gary's Amended Complaint that District Director Tomasso improperly investigated and failed to prosecute his administrative charge against his former employer do not amount to a cause of action, as there is no right to have the EEOC prosecute any particular claim. *Smith*, 119 F.3d at 34. Moreover, neither the EEOC nor Tomasso deprived Gary of his constitutional rights. *Hall v. E.E.O.C.*, 456 F. Supp. 695, 702 (N.D. Cal. 1978) (rejecting plaintiff's claim that failure of the EEOC to investigate charge was denial of constitutional right, stating, "Title VII and the regulations thereunder do no confer on charging parties any 'benefit' of substance, or grant any entitlement to an investigation or conciliation attempt. Withdrawal of these alleged 'rights' does not result in a significant adverse effect because the charging party retains the right to file a de novo action in federal court. What we have here are merely procedures designed to help protect the underlying right to be free from employment discrimination."). For this reason alone, Gary's claims against Tomasso in her individual capacity will be dismissed.

In addition, the allegations concerning Tomasso in the Amended Complaint do not contain sufficient factual matter to survive a motion to dismiss under *Iqbal*; rather, they are merely bald allegations and legal conclusions alleging violations of constitutional rights entirely unsupported by facts. 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, and explaining Rule 8 of the Federal

Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (stating a court "need not credit a complaint's 'bald assertions' or 'legal conclusions'" in deciding a motion to dismiss).[7]

---

[7] In the Amended Complaint, Gary alleges the following against District Director Tomasso (in addition to the allegation that Gary received a letter signed by Tomasso on August 27, 2009, Am. Compl. ¶ 50):

> [District Director Tomasso] [d]id deprive plaintiff of his federally protected constitution rights. Under the thirteenth amendment which affords the plaintiff the right to make and enforce contracts under section 1977 of the Civil Rights Act of 1866 and the re-enactment in 1870. (42 U.S.C. § 1981).

Am. Compl. ¶ 6.

> It is the belief of the plaintiff that since the P.H.R.C. did not grant the plaintiff relief, then the [EEOC] should have took the lead. So with that said the plaintiff charged [District Director Tomasso] and the E.E.O.C. along with the P.H.R.C. and its representatives . . . with Malice or willful misconduct. And abuse of process by not giving plaintiff due process of law and depriving plaintiff his federally guaranteed Constitutional right. This is his right under the fourteenth amendment, the right to due process and equal protection of those laws.

*Id*.¶ 51.

> The defendants [PHRC and its employees], along with [the EEOC and District Director Tomasso] conspired for purpose to interfere with plaintiff's Civil Rights. When impeding hindering obstructing the due course of justice in the state of Pennsylvania with the intent to deny plaintiff the equal protection of the laws.

*Id*. Count Four, ¶ 1.

> [PHRC and its employees] had knowledge of deprivation of plaintiff's (42 U.S.C. § 1985(3)) Rights were being violated by [PHRC employee Aguayo] when plaintiff spoke with [PHRC employee Brunson] on the telephone on November 16, 2009. Complaining of [Aguayo]'s failure to put in a order to show cause against the respondent [Gary's former employer, Holiday Inn]. Brunson's willful neglect to prevent or stop said injury constituted action for neglect to prevent. Under . . . 42 U.S.C. § 1986 the EEOC and or its district director Marie Tomasso] is here by a tort feasor due to the fact that was a dual filing on

Finally, the doctrine of qualified immunity shields government officials in their individual capacities from the litigation process where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Qualified immunity is an immunity from suit as well as from liability," *Iqbal v. Hasty,* 490 F.3d 143, 158 (2d Cir. 2007), and protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986). To overcome qualified immunity, a plaintiff must allege facts that show the individual defendant had personal involvement in the alleged wrongdoing; liability cannot be based on a theory of vicarious liability. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). Personal involvement is demonstrated "through allegations of personal direction or of actual knowledge and acquiescence." *Id*. (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Here, even construing the Amended Complaint broadly, it is entirely devoid of facts that, if proven, would show District Director Tomasso's personal involvement with respect to the handling, investigation, and/or prosecution of Gary's administrative charge. The allegations against Tomasso are, at best, boilerplate allegations amounting to conclusions of law which are entirely lacking in factual substance; the only allegation suggesting that Tomasso may have had some level of personal involvement with Gary's administrative charge is that Tomasso signed a letter received by Gary. Am. Compl. ¶ 50. However, such action does not amount to any wrongdoing on the part of

---

behalf of the plaintiff by the P.H.R.C. with the E.E.O.C. . . . . The E.E.O.C. has a duty to protect. Defendants have thereby violated section 1981 of the revised statutes (42 U.S.C. § 1986).

*Id*. Count Four, ¶ 7.

Tomasso, and the Amended Complaint falls far short of the requirement to overcome qualified immunity.  *See Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (citing *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978) (clarifying a civil rights complaint meets the Third Circuit's pleading standard if it alleges conduct, time, place, and persons responsible)).  As a result, for these additional reasons, Gary's claims against District Director Tomasso in her individual capacity must be dismissed.

When dismissing a pro se civil rights complaint, a district court must grant leave to amend, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason."  *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008).  Having determined this Court lacks subject matter jurisdiction over the claims asserted against the EEOC and its District Director Tomasso, coupled with the fact that there is no cause of action against the EEOC for its alleged failure to investigate Gary's charge of unemployment discrimination (nor does any failure of the EEOC to investigate such a charge rise to the level of a constitutional violation), the Court concludes any further amendment of Gary's Amended Complaint as against these Defendants would be futile.  Accordingly, Gary's Amended Complaint is dismissed with prejudice.

An appropriate Order follows.


BY THE COURT:


 /s/ Juan R. Sánchez  
Juan R. Sánchez, J.